IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff,　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）　　No. 3:18-CR-30-TAV-DCP
RUBY ANNE BRAUNM,　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Defendant.　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on July 16, 2018, for a motion hearing on Defendant Braunm's pending pretrial motions, including her Motion to Strike or Modify Allegations of Indictment Alleging Criminal Conduct Outside the Applicable Statute of Limitations [Doc. 47]. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr., represented the Defendant, who was also present. After considering the parties' briefs and arguments, the Indictment, and the relevant statutes and case law, the Court concludes that the introductory language in the Indictment does not contain surplusage. Accordingly, the undersigned recommends that the Defendant's motion be denied.

1

## I.   POSITIONS OF THE PARTIES

Defendant Braunm is charged in an eleven-page Indictment [Doc. 1] with twenty counts of wire fraud on various dates between October 3, 2013, and December 1, 2017; making false statements in an application for a passport on April 25, 2008 (Count Twenty-one); and misuse of a social security number on September 13, 2013 (Count Twenty-two). The speaking Indictment alleges that from October 1, 1988, through 2017, Defendant Ruby Anne Braunm engaged in a scheme to steal money from the Social Security Administration by receiving social security benefits by means of fraud and having those benefits wired to bank accounts that she controlled [Doc. 1, ¶14].

Defendant Braunm asks [Doc. 47] the Court to strike all allegations in the Indictment that fall outside of the five-year statute of limitations for the alleged crimes. She contends that the Indictment reaches beyond the limitations period back to 1988. She argues that alleged criminal activity occurring prior to 2013 is irrelevant and unfairly prejudicial. At the motion hearing, Mr. Gulley maintained that, to the extent that the Indictment is read to or provided to the jury, it will inform the jury of matters outside of the limitations period. Mr. Gulley argued that the jury's knowledge of information outside the limitations period is unfairly prejudicial to Defendant Braunm and asked that this information be stricken from the Indictment.

The Government responds [Doc. 51] that the allegations of criminal conduct from 1988 to 2013 are relevant and are admissible to prove the elements of the Defendant's scheme and the manner and means of the Defendant's wire fraud. It maintains that the pre-2013 conduct is necessary to establish that Defendant Braunm had a scheme to defraud the Social Security Administration. It also contends that the pre-2013 conduct demonstrates how the Defendant committed the wire fraud. At the motion hearing, AUSA Kolman argued that the Government will

2

have to prove certain facts that occurred prior to 2013, in order to prove how the crimes occurred. She contended that the charged crimes are complex and that Government has the right to tell the jury the story of how these crimes occurred.

## II.     ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V.  Thus, "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment.  *Russell v. United States*, 369 U.S. 749, 760-61 (1962).  Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  Fed. R. Crim. P. 7(c)(1).  Upon motion of the defendant, "the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  The Advisory Committee's notes to the rule explain that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."

Whether to strike surplus language from an indictment is a matter within the sound discretion of the trial court.  *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert. denied*, 419 U.S. 1124 (1975).  Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors."  *Id.*  The Sixth Circuit has held that "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of

3

course, it is legally relevant).'" *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir. 1989)).

Defendant Braunm argues that the Indictment contains allegations that are time-barred, because it relates criminal conduct that occurred prior to 2013. "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282. The instant Indictment [Doc. 1] was filed on March 30, 2018. Counts One through Twenty allege instances of wire fraud occurring in 2013, 2014, and 2017. The instances of wire fraud occurring in 2013 are alleged to have occurred on October 3 (Count Five), November 3 (Count Six), and December 3 (Count Seven). The Court finds that all of the counts of wire fraud are alleged to have occurred within the limitations period. Similarly, Defendant Braunm is alleged to have misused a social security number (County Twenty-two) in violation of 42 U.S.C. § 408(a)(7)(B), on September 13, 2013. This allegation also falls within the five-year limitations period. For violations of 18 U.S.C. § 1542, which prohibits making a false statement in a passport application, the indictment or information must be brought within ten years after the commission of the offense. 18 U.S.C. § 3291. Count Twenty-one alleges that Defendant Braunm made a false statement on a passport application on April 25, 2008, which is within ten years of the filing of the instant Indictment on March 30, 2018. Thus, the Court finds, and defense counsel agreed at the motion hearing,[1] that none of the charges violate the applicable statutes of limitations.

---

[1]In response to a question by the undersigned at the July 16 motion hearing, defense counsel confirmed that the Defendant is challenging the introductory information in the Indictment as violating the statute of limitations, not the charges themselves.

4

Defendant Braunm points to facts alleged in the Introduction to the Indictment that occurred well before the limitations period. She observes that the Indictment alleges that she engaged in a scheme to receive social security benefits by fraud as far back as 1988. She argues that she cannot be liable for conduct prior to 2013 and that the allegations of criminal activity that predate the applicable limitations period are irrelevant and prejudicial.

The language to which the Defendant objects is found in the Introduction to the Indictment. The Introduction alleges that Defendant Braunm fraudulently obtained a second social security number in 1988 [Doc. 1, ¶¶1-5]. The Indictment further alleges that the Defendant engaged in a scheme to steal money from the Social Security Administration by receiving social security benefits fraudulently and by having those benefits wired to bank accounts that she controlled [Doc. 1, ¶14]. The Indictment alleges that, in furtherance of this scheme, the Defendant took several ongoing actions, which began outside of the limitations period, but continued through a time within five years of the Indictment: (1) The Defendant allegedly received social security benefits for herself, using her legitimate social security number, from 1988 through 2017 [Doc. 1, ¶15(d)], while failing to report assets or income (a home purchased in 1988 [Doc. 1, ¶17], self-employment income from 2000 to 2015 [Doc. 1, ¶18], and holding an active contractor's license from May 23, 2002, to May 2017 [Doc. 1, ¶19]) to the Social Security Administration. (2) The Defendant applied for auxiliary social security benefits for her son T. Braunm on September 8, 2008, and received those benefits from January 2009 through April 2014 [Doc. 1, ¶¶15(a), 21-22]. (3) Finally, the Defendant received auxiliary social security benefits for her son T. Adams from March 2000 to May 2017 [Doc. 1, ¶¶15(b)-(c), 23-24].

The Government argues that the alleged criminal conduct, which begins on October 1, 1988, is relevant to prove the elements of the Defendant's scheme and to prove the Defendant's

5

manner and means of committing the wire fraud charged in Counts One through Twenty. It contends that Defendant engaged in a continuous scheme to defraud the Social Security Administration from October 1, 1988, through 2017. The Government maintains that the information in the Indictment that is outside the limitations period is necessary to prove the scheme and how it was committed. It asserts that because it intends to prove these facts, occurring before 2013, at trial, it may properly allege them in the Indictment.

> Section 1343 provides in pertinent part:
>
> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . communication in interstate . . . commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice shall be fined . . . or imprisoned . . ., or both.

18 U.S.C. §1343. Thus, "[t]o convict a defendant of wire fraud, the government must prove '(1) a scheme or artifice to defraud; (2) use of interstate wire communications in furtherance of the scheme; and (3) intent to deprive a victim of money or property.'" *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003) (quoting *United States v. Prince*, 214 F.3d 740, 747–48 (6th Cir. 2000)). "[A]s an element of the 'scheme or artifice to defraud' requirement, the government must prove that the defendant said something *materially* false." *Id.* at 486.

In the instant case, in order to prove that the transfer of social security benefits into the Defendant's accounts from 2013 through 2017 constitutes wire fraud, the Government must prove that Defendant Braunm engaged in a scheme or artifice to defraud. The Government alleges that scheme began on October 1, 1988, when Defendant Braunm applied for a social security number, which she alleged was for her daughter Ruby Anne Sowards, despite the fact that she did not have a daughter by that name [*see* Doc. 1, ¶¶3-4]. The Government also alleges that on January

6

11, 1993, the Defendant had the birth year on this second social security card changed to Defendant's birth year [*see* Doc. 1, ¶3]. Finally, the Government alleges that Defendant used this fraudulent social security number to hide assets and income from the Social Security Administration, while she received social security benefits for herself and her two sons, using her legitimate social security number [*see* Doc. 15-24]. These events (obtaining a second social security number, changing the birth year, and hiding income and assets) are material misrepresentations or omissions that the Government must prove in order to show that the benefit payments constitute wire fraud. Accordingly, the Court finds the allegations of acts outside of the limitations period are legally relevant. Moreover, the Government contends that it will seek to prove these facts at trial. The Court finds that the allegations in the Indictment's Introduction are not surplusage and should not be stricken, even though they are alleged to have occurred more than five years before the filing of the Indictment. *See Moss*, 9 F.3d at 550.

### III. CONCLUSION

Based upon the briefs, the relevant case law, and the arguments of the parties, the Court finds that the introductory allegations in the Indictment that pre-date 2013 are not time-barred, because these allegations constitute part of the scheme in which Defendant Braunm is alleged to have engaged. Thus, the introductory allegations of acts occurring prior to March 30, 2013, are not surplusage. Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant Braunm's Motion to Strike or Modify Allegations of the Indictment Alleging Criminal

Conduct Outside the Applicable Statute of Limitations [**Doc. 47**] be denied.[2]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).